# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

JOHN RAMBEAU                                                        PLAINTIFF

v.                          CASE NO. 6:09-cv-6049

GARLAND COUNTY DETENTION CENTER                                     DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Corrections, at Grady, Arkansas, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Doc. 1). Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP"). (Doc. 4).

The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, it will be recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to section 1915A.

### I. BACKGROUND

Plaintiff alleges that on April 9, 2009, while an inmate of the Garland County Detention center, he slipped and fell due to a leaking toilet. He further alleges that his injuries consisted of a "large gash" in the back of his head, which required stitches at the hospital. Plaintiff seeks to be compensated for his medical bills in relation to this injury.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). *See also, Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County,* 954 F.Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations

showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The problem in this case is that Plaintiff's allegations concerning the circumstances of his injury state, at most, a claim of negligence. Plaintiff states he was injured in a slip and fall accident caused by a leaking toilet in the Garland County facility.

Negligence by prison officials is not actionable under 42 U.S.C. § 1983. *See*, *e.g.*, *Daniels v. Williams,* 474 U.S. 327 (1986) (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury"). It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement." *Osolinski v. Kane,* 92 F.3d 934, 938 (9th Cir.1996). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." *Id.* Accord *Tucker v. Evans,* 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment). Deliberate indifference requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position. *Tucker v. Evans,* 276 F.3d at 1001.

### III. CONCLUSION

Accordingly, I recommend the following: (1) the Motion to Proceed IFP (Doc. 4) be **DENIED**; and (2) Plaintiff's Complaint (Doc. 1) be **DISMISSED** as it fails to state a claim under Section 1983. I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be

directed to place the appropriate case flag on this case.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of January 2010.**

                                                /s/ Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE